## WENDEL vs. NORTH.

*New trial : Abuse of discretion.*

Where the evidence was amply sufficient to sustain the verdict, and would require such an one, this court reverses an order setting the verdict aside, holding it an abuse of discretion.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover the consideration money paid by plaintiff to defendant for certain land. In 1855, defendant conveyed the land by warranty deed to one Hays; Hays conveyed it in like manner to one Marygold, and he to *Wendel,* in 1858. In 1863, one Eaton commenced an action of ejectment against *Wendel,* to recover possession of the land, and obtained a judgment therefor during the following year. The judgment record was put in evidence for *Wendel* in this action. The complaint in that action was in the form commonly used in ejectment; and the answer was a general denial. For the purpose of showing that *North* had notice of the action by Eaton against *Wendel,* the latter put in evidence the deposition of George Baldwin, Esq., an attorney at law, who had been employed by him to defend that suit. The substance of the affidavit and counter testimony is stated in the opinion.

Mr. Gillet also testified, on cross-examination, that in defending the action of Eaton against *Wendel,* he " believed that he put in evidence *Mr. North's* claim of title to said land, and made the best defense which he knew how to make."

The court instructed the jury that the plaintiff could not recover unless they found that *North* had notice of the pendency of the suit by Eaton against *Wendel,* and was offered control of the defense before issue

joined therein, or that he in fact assumed such defense.

The jury having found for the plaintiff, the court, on defendant's motion, set aside the verdict, and granted a new trial.  From this order the plaintiff appealed.

*R. P. Eaton*, for appellant.

*Gillet, Pier & Bass*, for respondent :

The judgment of Eaton against *Wendel* could not be binding on *North*.  1. He had no timely notice of the suit.  *Wendel* did not offer to give the defense to *North*, but only to allow him to assist in the defense. The issue was already made up.  2. There is nothing to show upon what Eaton's recovery was founded, or that it was upon a title paramount to that of *North*.

PAINE, J.  We can see nothing to justify the order granting a new trial in this case.  The evidence was amply sufficient to sustain the verdict.  The only point upon which it can be claimed there was any substantial conflict, was as to whether the defendant was duly notified of the pendency of the action by Eaton against *Wendel*, and requested to defend it ; and whether he in fact did appear and defend it.  Upon this point we think the evidence decidedly preponderates in favor of the finding of the jury.

The affidavit of Baldwin is explicit that he was retained by *Wendel* in the latter part of 1863, and that he " thereupon " notified *North*, and requested him to employ an attorney to assist in the defense of the action ; that *North* replied that he had or would employ Duel to attend to it ; that he (Baldwin) advised him to employ Gillet, and he said he would do so ; that the trial did not take place until June, 1864, and that both Gillet and Duel appeared and conducted the defense, and, as he understood it; for *North* ; that Gillet told him at the time, that he wanted to appear and defend in all the cases where *North* was inter-

ested. There is nothing to controvert the necessary inference from this evidence, that *North* had fair notice and full opportunity to defend, and that he did employ counsel, who appeared and defended for him, except his statement that he never had any conversation with Gillet about the suit of *Eaton v. Wendel*, and Gillet's statement that he never had any conversation with *North* about that suit, and was never employed by him to defend that suit, and that what he did was at the request of Baldwin. But this testimony is liable to the objection of being somewhat evasive. It does not meet the question. It appears from Baldwin's evidence that, at the time of appearing, Gillet said he wanted to appear in all the suits in which *North* was interested. Gillet does not deny that he said this. And it is fairly to be inferred from that remark, that *North* was interested in other suits of a similar character, as well as in this. It may well be that he employed Gillet generally to assist in all suits in which he was interested, but never conversed with him as to that particular suit, or employed him in it specially. The testimony of *North* and Gillet is not sufficiently explicit as to the real facts in respect to his employment, to constitute any sufficient ground for setting aside the verdict of the jury.

But even if it were, so far as the question of Gillet's employment and appearance was concerned, it does not dispose of the appearance of Duel. *North*, when notified, said he would employ Duel to attend to it. Duel appeared at the trial, and took part in the defense, and, as his associate counsel understood, for *North*. These facts would not only warrant but require the jury to find that *North* appeared by Duel, and defended the action. And there is nothing to contradict them.

There is nothing in the fact that issue in that action was joined before Duel or Gillet had anything to do with it (if such was the fact), that should prevent the

judgment from being binding upon *North*. It was an action of ejectment, and the answer was the general denial; under which *North's* title could have been given in evidence to defeat the action, if he had a title sufficient for that purpose. Having appeared and defended without any attempt to amend, it is fairly to be inferred that the defense was in no way prejudiced by the form of the pleadings. The evidence, therefore, being wholly in favor of the verdict, it must be regarded as an abuse of discretion to set it aside.

*By the Court.*—The order is reversed, with costs, and the cause remanded for further proceedings.